**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@toddflaw.com
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARGARITA SERRANO,** on behalf of herself and all others similarly situated**,** <br><br>**Plaintiff,**<br><br>   vs.<br><br>**AUTOMOTIVE RECOVERY SERVICES, INC.,**<br><br>**Defendant.** | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW;<br>2. VIOLATION OF CALIFORNIA DATA BREACH ACT; and<br>3. NEGLIGENCE. |

## INTRODUCTION

1. MARGARITA SERRANO ("PLAINTIFF") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AUTOMOTIVE RECOVERY SERVICES, INC. ("DEFENDANT") and its related entities, subsidiaries and agents, in failing

Complaint - 1

to secure and protect its users' personal information ("INFORMATION") provided to DEFENDANT, which encompasses names, social security numbers, street addresses, e-mail addresses, passwords, phone numbers, driver's license numbers and other information, in accordance with both industry security standards and DEFENDANT's own security standards.  PLAINTIFF alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. Despite assuring its users that it will provide them with reasonable protection in handling its users' INFORMATION, the security standards employed by DEFENDANT have resulted in breaches of DEFENDANT's networks and software.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the claims of the individual class members, when aggregated among a proposed class numbering in the millions, exceeds the $5,000,000 threshold for federal court jurisdiction. DEFENDANT is an Indiana Corporation. Further, PLAINTIFF alleges a national class, which will result in at least one class member belonging to a different state than that of DEFENDANT.  Therefore, both

elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because the events giving rise to PLAINTIFF's causes of action against DEFENDANT occurred within the State of California and the County of San Mateo as PLAINTIFF resides in San Bruno, California and within this judicial district.

## PARTIES

5. PLAINTIFF is an individual citizen and resident of the County of San Mateo, State of California.

6. DEFENDANT is an Indiana Corporation, operating nationally, in the business of automotive salvage and auction processing. DEFENDANT may also be known, insofar as it may be relevant to this cause of action, as VEHICLE DONATION PROCESSING CENTER. For the purposes of this complaint, the defendant will be referred to only as "DEFENDANT" henceforth.

7. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant, DEFENDANT conducted business in the State of California.

## FACTUAL ALLEGATIONS

8. In or around May 2015, DEFENDANT discovered that PLAINTIFF's personal information had been exposed to unauthorized persons ("hackers").

PLAINTIFF donated a vehicle to a separate charitable organization, a transaction that DEFENDANT administered, at some time between 2005 and 2014 ("donation period"), and as part of that administrative process, DEFENDANT collected information from PLAINTIFF and everyone making similar donations administered through DEFENDANT ("the INFORMATION"). All INFORMATION collected during the donation period was exposed to hackers from around July 2012 through May 2015.

9. DEFENDANT did not notify PLAINTIFF until July 2015, approximately two months after discovering the exposure of PLAINTIFF's and class members' INFORMATION (hereinafter, the "notice" or "notice letter").

10. PLAINTIFF believed, based on DEFENDANT's representations, that INFORMATION given to DEFENDANT would be safe and DEFENDANT would take the measures required to secure her INFORMATION.

11. PLAINTIFF alleges upon information and belief that DEFENDANT represented to PLAINTIFF through statements or omissions that DEFENDANT's security measures were up to industry standards and that the security measures were sufficient to prevent breaches that would expose her INFORMATION to theft.

12. PLAINTIFF alleges upon information, belief, and PLAINTIFF's experience of her information being exposed for nearly three years before

DEFENDANT noticed a breach, that DEFENDANT's security measures were in fact not as represented and were in fact substandard.

13. PLAINTIFF alleges upon information and belief that DEFENDANT receives fees for the automotive donations that it processes for charities, either in the form of invoicing the charities or receiving a percentage of each donation, thereby profiting from PLAINTIFF's donation and INFORMATION.

14. PLAINTIFF alleges upon information and belief that DEFENDANT represented to PLAINTIFF through statements or omissions that PLAINTIFF must use DEFENDANT's services if she wishes to donate her automobile, and that in order to do so through DEFENDANT's services, she must divulge INFORMATION to DEFENDANT.

15. By giving INFORMATION to DEFENDANT, PLAINTIFF received no benefit while DEFENDANT received fees for its services.

16. PLAINTIFF would never have given INFORMATION to DEFENDANT had DEFENDANT represented to PLAINTIFF its actual level of computer security. Had PLAINTIFF understood that her INFORMATION was not safe with DEFENDANT, she would never have given INFORMATION to DEFENDANT.

17. DEFENDANT gave neither PLAINTIFF nor the general public any reasonable opportunity to discover the true nature of DEFENDANT's security

measures or the safety and security of their INFORMATION before giving it to DEFENDANT.

18.   DEFENDANT later confirmed this security breach and neither promptly notified its PLAINTIFF about the breach nor that her INFORMATION had been compromised.

19.   Furthermore, DEFENDANT did not take adequate remedial measures, thereby causing PLAINTIFF to incur further financial damage and risk. DEFENDANT offered PLAINTIFF twelve (12) months of AllClear services starting on the date of receipt of the notice letter. The financial risk to which DEFENDANT exposed PLAINTIFF through its intentional, reckless, and fraudulent actions is ongoing and is not and will not be remedied with twelve months of the identity protection services mentioned herein.

20.   Furthermore, AllClear PRO, one of the AllClear services that DEFENDANT believed would help remedy the damage, requires PLAINTIFF to give her INFORMATION to AllClear.

21.   DEFENDANT knew or should have known that its products and services were not secure and left the INFORMATION of PLAINTIFF and other members of The Class vulnerable to theft.

22.   DEFENDANT recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

23. Additionally, DEFENDANT failed to notify PLAINTIFF and the other members of The Class in a timely manner of the security breach, as required by law.

24. PLAINTIFF and The Class have all suffered irreparable harm and monetary damages as a result of DEFENDANT's unlawful and wrongful conduct heretofore described.

## CLASS ACTION ALLEGATIONS

25. PLAINTIFF brings this action on behalf of herself and on behalf of all others similarly situated ("The Class"). PLAINTIFF represents, and is a member of, The Class, consisting of:

> All persons within the United States who had an account with DEFENDANT whose personal information was compromised as a result of the data breach that occurred on or about July 2012 through the date of filing.

26. DEFENDANT and its employees or agents are excluded from The Class. PLAINTIFF does not know the number of members in The Class, but believes the Class members number in millions, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. PLAINTIFF and members of The Class were harmed by the acts and omissions of DEFENDANT in at least the following ways: PLAINTIFF and CLASS Members have lost the security of their INFORMATION and now face a

substantially increased risk of identity theft as a result of DEFENDANT's misrepresentations, concealments, and failure to disclose its substandard security protections.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. PLAINTIFF reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through DEFENDANT's records or DEFENDANT'S agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether DEFENDANT failed to adequately protect its customers' INFORMATION pursuant to industry-standard protocols and technology;

b. Whether DEFENDANT's conduct and omissions as heretofore alleged are false, misleading, or reasonably likely to deceive its customers;

c. Whether DEFENDANT failed to disclose material facts relating to the character and quality of its security practices;

d. Whether DEFENDANT knowingly continued to disseminate false and misleading representations regarding its security practices;

e. Whether California law applies to the proposed Class;

f. Whether DEFENDANT's conduct described herein was negligent and/or grossly negligent;

g. Whether DEFENDANT's conducted described herein constitutes a violation of the California Data Breach Act, Cal. Civ. Code. § 1798.80 *et seq.;*

h. Whether DEFENDANT violated the California Online Privacy Protection Act, Cal. Bus. & Prof. Code § 22576;

i. Whether PLAINTIFFS and the members of The Class were damaged by DEFENDANT's conduct, and the extent of damages;

j. Whether DEFENDANT has engaged in unlawful, unfair, or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.;* and

      k. Whether DEFENDANT should be enjoined from engaging in such conduct in the future.

31. As an individual whose personal information was compromised as a result of DEFENDANT's wrongful conduct as herein alleged, PLAINTIFF is asserting claims that are typical of The Class. PLAINTIFF will fairly and adequately represent and protect the interests of The Class in that PLAINTIFF has no interests antagonistic to any member of The Class.

32. PLAINTIFF and the members of The Class have all suffered irreparable harm as a result of the DEFENDANT's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and DEFENDANT will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. PLAINTIFF has retained counsel experienced in handling class action claims.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce DEFENDANT to comply with the law. The interest of Class members in individually controlling the prosecution of separate claims against DEFENDANT

is small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. DEFENDANT has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### UNLAWFUL COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

36. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. DEFENDANT's acts, practices, and omissions detailed above constitute unlawful, unfair and/or fraudulent business practices and acts, within the meaning of *California Business & Professions Code* § 17200 *et seq.*

38. DEFENDANT's acts, practices, and omissions detailed above constitute fraudulent practices in that they are likely to deceive a reasonable consumer.

39. DEFENDANT's acts, practices, and omissions detailed above, constitute unlawful practices and/or acts as they constitute violations of numbers provisions of California law.

40. DEFENDANT's acts, practices, and omissions detailed above, constitute unlawful practices and/or acts in that they violate the California Data

Breach Act, Cal. Civ. Code § 1798.80, *et seq., and* California's Online Privacy Act ("OPPA"), Cal. Bus. & Prof. Code § 22576, which prohibits any company whose website or online service that collects personal identifiable information form California consumers from "knowingly and willfully" or "negligently and materially" breaching its own privacy policy.

41.  DEFENDANT has committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to PLAINTIFF's and The Class' legal, contractual, and exclusive proprietary rights.

42.  As a direct and proximate result of DEFENDANT's unlawful, unfair and fraudulent business practices as alleged herein, PLAINTIFF and Class members have suffered injury in fact in the form of INFORMATION theft, ongoing risk of identity theft, and the need for costly identity protection services in the future.  Meanwhile, DEFENDANT has continued to administer the donations of automobiles at a substantial profit to only itself.

43.  Pursuant to *California Business & Professions Code* §17203, PLAINTIFF seeks an order of this Court prohibiting DEFENDANT from engaging in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering DEFENDANT perform its obligations under the law and the cancellation of any illegal obligations. PLAINTIFF additionally requests an order from the Court requiring that DEFENDANT provide complete equitable

relief, including that DEFENDANT disgorge profits and return or pay to PLAINTIFF and the members of The Class all of Defendant's ill-gotten gains obtained from the contract or transaction entered into, and/or pay restitution. PLAINTIFF also requests a court order that an asset freeze or constructive trust be imposed over all monies in DEFENDANT's possession which rightfully belong to PLAINTIFF and The Class.

## SECOND CAUSE OF ACTION

## **VIOLATION OF THE CALIFORNIA DATA BREACH ACT, CAL CIV. CODE § 1798.80, *et seq.***

44. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The July 2012 through May 2015 data breach constituted a "breach of the security system" of DEFENDANT pursuant to Cal. Civ. Code § 1798.82(g).

46. DEFENDANT recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

47. DEFENDANT unreasonably delayed informing PLAINTIFF and members of The Class about the security breach of The Class members' INFORMATION after DEFENDANT knew of the breach.

48. DEFENDANT failed to disclose to PLAINTIFF and members of The Class, in the most expedient time possible, the breach of security of their INFORMATION after DEFENDANT knew of the breach.

49. As a result of DEFENDANT's violation of Cal. Civ. Code § 1798.82, PLAINTIFF and members of the Class suffered economic damages relating to expenses for credit monitoring and other related expenses.

50. PLAINTIFF, individually and on behalf of the members of The Class, seeks all remedies available under Cal. Civ. Code § 1798.84.

51. PLAINTIFF, individually and on behalf of the members of The Class, also seeks reasonable attorneys' fees and costs under Cal. Civ. Code § 1798.84(g).

## THIRD CAUSE OF ACTION

## COMMON LAW NEGLIGENCE

52. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. DEFENDANT's conduct described herein constituted an unreasonable breach of its duty of care owed to PLAINTIFF actually and proximately causing PLAINTIFF damages thereby.

54. As a recipient and beneficiary of PLAINTIFF's entrustment of INFORMATION, DEFENDANT owed PLAINTIFF a duty to keep PLAINTIFF's INFORMATION secure from hackers.

55. DEFENDANT did not comply with its duty to keep INFORMATION safe.

56. But for DEFENDANT's breach of duty, PLAINTIFF's INFORMATION would still be secure.

57. Loss of security of INFORMATION, threats of identity theft, the need for costly identity theft and credit watch services, and other damages are precisely the kinds of risks and harm that make DEFENDANT's conduct negligent. DEFENDANT is therefore the proximate cause of PLAINTIFF's injury.

58. PLAINTIFF, as well as class members, suffered substantial loss of INFORMATION, ongoing threats of identity theft, and further harm as a result of DEFENDANT's negligence.

59. Therefore, DEFENDANT is liable to PLAINTIFF and The Class for its negligence.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully requests that the Court grant PLAINTIFF and The Class members the following relief against DEFENDANT:

a. An order certifying the proposed class and appointing PLAINTIFF and PLAINTIFF's counsel to represent The Class;

b. Injunctive relief prohibiting DEFENDANT from engaging in such conduct as alleged herein in the future;

c. Actual, statutory and/or punitive damages;

d. Restitution, or any other equitable relief the Court may deem just and proper;

e. Reasonable attorneys' fees and costs of the suit, including expert witness fees; and

f. Any other relief the Court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, PLAINTIFF is entitled to, and demands, a trial by jury.

Dated: January 13, 2017                    Respectfully Submitted

                                           By: /s/ Todd M. Friedman

                                           Todd M. Friedman, Esq.
                                           Law Offices of Todd M. Friedman, P.C.
                                           *Attorney for Plaintiffs*